1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9    JAMIL OSAI OGIAMIEN,

10                 Petitioner,

11      v.

12    MICHAEL CHERTOFF,

13                 Respondent.

14

CASE NO.  C05-914-MJP-MJB

REPORT AND
RECOMMENDATION

15 <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

16        On May 18, 2005, petitioner filed, through counsel, a Petition for Writ of Habeas Corpus

17 pursuant to 28 U.S.C. § 2241, seeking judicial review of his final order of removal.  (Dkt. #1).  On

18 June 9, 2005, respondent filed a Motion to Dismiss petitioner's habeas petition pursuant to the

19 recently enacted REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005)("REAL

20 ID Act"), arguing that the District Court lacks subject matter jurisdiction to review petitioner's

21 habeas petition.  (Dkt. #5). Respondent acknowledges that the REAL ID Act contains a mechanism

22 for transferring habeas petitions to the appropriate court of appeals, but argues that the transfer

23 provision does not apply in this case because petitioner's habeas petition was not "pending in a

24 district court on the date of the enactment" of the REAL ID Act. (Dkt. #5 at 4 n.2).  Petitioner did

25

26 REPORT AND RECOMMENDATION
PAGE – 1

1    not file a response.

2        In light of the recent enactment of the REAL ID Act, I recommend that respondent's motion

3    to dismiss be GRANTED, and that petitioner's habeas petition be DISMISSED.

4                        <u>TRANSFER OF JURISDICTION</u>

5        On May 11, 2005, the President signed into law the REAL ID Act of 2005.  Under Section

6    106(a)(1)(B) of the REAL ID Act, two new paragraphs (4 and 5) were added to 8 U.S.C. §

7    1252(a), which governs judicial review of removal orders.  Paragraph 5 of 8 U.S.C. § 1252(a) has

8    particular relevance to this case; it provides:

9

10        (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of
law  (statutory or nonstatutory), including section 2241 of title 28, United States

11        Code, or any other habeas corpus provision, and sections 1361 and 1651 of such
title, a petition for review filed with an appropriate court of appeals in accordance

12        with this section shall be the sole and exclusive means for judicial review of an order
of removal entered or issued under any provision of this Act, except as provided in

13        subsection (e).  For purposes of this Act, in every provision that limits or eliminates
judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction

14        to review' include habeas corpus review pursuant to section 2241 of title 28, United
States Code, or any other habeas corpus provision, sections 1361 and 1651 of such

15        title, and review pursuant to any other provision of law (statutory or nonstatutory).

16    Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(a)(B)).  This provision

17    explicitly deprives this Court of jurisdiction under 28 U.S.C. § 2241 to review an order of removal

18    entered under the Immigration and Nationality Act.  Moreover, Section 106(b) of the REAL ID Act

19    explicitly provides that Section 106(a) is retroactive: "subsection (a) shall take effect upon the date

20    of enactment of this division and shall apply to cases in which the final administrative order of

21    removal, deportation, or exclusion was issued before, on, or after the date of enactment."  Pub. L.

22    No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(a)(B)).  In this action,

23    petitioner seeks judicial review of a final administrative order of removal.  Accordingly, under the

24    REAL ID Act, this Court no longer has jurisdiction to entertain this action.

25    REPORT AND RECOMMENDATION

26    PAGE – 2

1       Section 106(c) of the REAL ID Act provides that if any § 2241 habeas corpus case

2   "challenging a final administrative order of removal, deportation, or exclusion, is pending in a

3   district court on the date of the enactment of this division, then the district court shall transfer the

4   case (or any part of the case that challenges the order of removal ...) to the [appropriate] court of

5   appeals." Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(c))(emphasis

6   added).  Because petitioner's habeas petition was not pending on the date of the enactment, the

7   transfer provision does not apply.  Accordingly, petitioner's habeas petition must be dismissed for

8   lack of subject matter jurisdiction.

9                                                  <u>CONCLUSION</u>

10      For the foregoing reasons, petitioner's habeas petition (Dkt. #1) should be denied and this

11  matter dismissed.  A proposed Order accompanies this Report and Recommendation.

12      DATED this <u>22nd</u> day of July, 2005.

13

14

15  MONICA J. BENTON
    United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25  REPORT AND RECOMMENDATION
26  PAGE – 3